UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CONNIE M. SPARROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-00608-TWP-DML |
| | ) | |
| MENARD, INC., d/b/a MENARDS, and | ) | |
| WAYNE/SCOTT FETZER COMPANY, d/b/a | ) | |
| WAYNE WATER SYSTEMS, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff Connie Sparrow's ("Sparrow") Motion to Remand the case to the Wayne County Superior Court in Richmond, Indiana, where it was originally filed. The lawsuit arises out of a case involving personal injury claims against the Defendant Menard, Inc., d/b/a Menards ("Menards"). On May 6, 2011, the Defendant removed the suit to federal court from state court asserting complete diversity between the parties. Following removal to this Court, on June 16, 2011, Sparrow amended her complaint and asserted negligence claims against Wayne/Scott Fetzer Co. ("Wayne") doing business as Wayne Water Systems in Indiana. Sparrow then moved to remand the case to state court because the addition of Wayne as a defendant destroyed diversity jurisdiction. For the reasons set forth below, Sparrow's Motion to Remand (Dkt. 26) is **GRANTED**. Accordingly, this case is **REMANDED** to the Wayne County Superior Court in Richmond, Indiana.

## I. BACKGROUND

On June 10, 2010, Sparrow was shopping inside a Menards store. While shopping in the store, a Menards employee was lifting a battery from a shelf. The battery fell out of its

packaging and struck Sparrow causing her to suffer an injury. The battery had been manufactured and supplied by Wayne/Scott Fetzer Company. On April 8, 2011, Sparrow filed a complaint in Wayne County Superior Court, naming one defendant: Menards. On May 6, 2011, this action was removed to federal court based on diversity of citizenship. For purposes of diversity jurisdiction, Sparrow is a citizen of Ohio.[1] Menards is incorporated under the state laws of Wisconsin and has its principal place of business in Wisconsin, and is therefore a citizen of Wisconsin. Finally, Wayne is incorporated under the state laws of Delaware and has its principal place of business in Ohio, and is therefore a citizen of Delaware and Ohio. Thus, if Wayne was properly joined in this action, complete diversity of citizenship is destroyed because Wayne and Sparrow are both citizens of Ohio. If, however, Wayne was improperly joined, complete diversity exists. Therefore, Sparrow's Motion to Remand turns on whether Wayne was properly joined in this suit. Additional facts are added below as needed.

## II. **LEGAL STANDARD**

After a case has been removed to federal court and a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, Title 28 U.S.C. § 1447(e) applies and provides the court with two options: (1) deny joinder, or (2) permit joinder and remand that action to state court. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *see also* 28 U.S.C. § 1447(e). In this circumstance, § 1447(e) conflicts with Federal Rule of Civil Procedure 15(a), which permits a plaintiff to amend his complaint without leave of court "21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a). The court determines the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant

---

[1] In Sparrow's Motion to Remand (Dkt. 26), Sparrow states she was a resident of Camden, Ohio. Being a resident of Ohio is not the same as being a citizen of Ohio with regard to diversity jurisdiction. *See Meyerson v. Harrah's East Chi. Casino*, 229 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."). However for the purposes of Sparrow's Motion to Remand, Menards concedes that Sparrow is a citizen of Ohio.

2

is set forth under § 1447(e). *See Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999); *Borne v. Siemens Energy & Automation, Inc.*, 1995 WL 15354, at *1 (E.D. La. Jan. 17, 1995) (finding that § 1447(e) trumps Rule 15(a)). Additionally, "in order to permit joinder and remand the action, the [c]ourt need not find that the additional party is indispensable to just[ify] adjudication of the lawsuit." *In re Bridgestone/Firestone, Inc. v. Ford Motor Co.*, 129 F. Supp. 2d 1202, 1204 (S.D. Ind. 2001); *see also Vasilakos v. Corometrics Med. Sys., Inc.*, 1993 WL 390283, at *2 (N.D. Ill. Sept. 30, 1993). Finally, in the context of joinder determinations, district courts are to "interpret the removal statute narrowly" and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

### III. DISCUSSION

**1.    Review of Post-Removal Joinder**

Under § 1447(e), the decision to permit joinder of a defendant that destroys diversity jurisdiction is left to the sound discretion of the district court. *Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 784 (S.D. Ill. 2006). Before analyzing the merits of Sparrow's motion, the Court must determine whether it has the authority under § 1447(e) to determine the propriety of joinder under Sparrow's motion, when Sparrow amended her complaint pursuant to Rule 15(a). The Seventh Circuit has not spoken on this issue; however, the Fourth Circuit has also recognized this potential conflict between a party's right to amend its complaint, as a matter of course, under Rule 15(a) and implicating post-removal joinder under § 1447(e). *See Mayes*, 198 F.3d at 462 n.11 ("[I]f the plaintiff can add a non-diverse defendant without the district court exercising its discretion over whether the defendant should be joined, then, under § 1447(e), the district court would be forced to remand the case without determining the propriety of joinder.");

*see also IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 1999) (recognizing that diversity-destroying amendment is analyzed under § 1447(e) and requires higher scrutiny than does an amendment generally).

The Court finds *Mayes v. Rapoport* instructive on this issue. In *Mayes*, the plaintiff filed suit in a Maryland state court to enforce her right of first refusal to purchase commercial property. *Id.* at 458-59. After filing the suit, the defendants properly removed the case to the District of Maryland on the basis of diversity jurisdiction. *Id.* at 460. But, before the defendants could answer the plaintiff's original complaint, she amended the complaint without leave of court to add a non-diverse party, seemingly destroying diversity jurisdiction. *Id.* The district court denied the motion, relying on the fraudulent joinder doctrine, and dismissed the non-diverse defendant, while retaining jurisdiction. *Id.* at 466. The Fourth Circuit resolved the conflict in *Mayes* by analyzing Rule 19(a) and Rule 21 in conjunction with Rule 15(a). *See* Fed. R. Civ. P. 19(a) ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction may be joined as a party…."); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). After analyzing the rules, the Fourth Circuit concluded that the district court had the authority to reject a post-removal joinder that implicates § 1447(e), even when the joinder was permitted without leave of court. *Mayes*, 198 F.3d at 462; *see also Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997).

The facts in *Mayes* are similar to the facts in this matter. Here, Sparrow amended her original complaint after removal, without leave of court, and asserted new negligence claims against Wayne, as an additional defendant.[2] (*See* Am. Complaint ¶ 4). Additionally, like in

---

[2] Sparrow amended her complaint, pursuant to Rule 15(a), less than three weeks after Wayne filed an answer to Menards' third party complaint, naming Wayne as a third-party defendant. *See* Dkt. 25.

*Mayes*, Wayne's inclusion as a defendant seemingly destroyed diversity jurisdiction, divesting the Court of subject matter jurisdiction. However, even though the Court did not have a prior opportunity to consider the propriety of joinder, under Sparrow's amended complaint, the Court is persuaded by the Fourth Circuit's reasoning in *Mayes* and will balance the equitable considerations. In determining the propriety of post-removal joinder of a non-diverse party under § 1447(e), the Court will consider the following factors outlined by the Seventh Circuit in *Schur*: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur*, 577 F.3d at 759. The Court will now consider each of the above factors in turn.

**2.    The Plaintiff's Motive for Seeking Joinder**

In examining Sparrow's motive for seeking to join Wayne as an additional defendant, "the concern is to ensure [that] the plaintiff is not purposefully attempting post-removal *solely* to accomplish remand." *Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d at 1205 (quoting *Vasilakos*, 1993 WL 390283, at *4) (emphasis added). One relevant method articulated by the Seventh Circuit for "scrutinizing the plaintiff's motives for joining a nondiverse party" is to consider the fraudulent joinder doctrine. *Schur*, 577 F.3d at 764. "If a defendant can carry the 'heavy burden' of proving fraudulent joinder, this would counsel against joinder." *Id.* (quoting *Mayes*, 198 F.3d at 463). However, the fraudulent joinder inquiry, by itself, is not dispositive of the plaintiff's motive for seeking post-removal joinder under § 1447(e). *Id.* ("[T]he doctrine is but one means to discern whether the plaintiff sought only to destroy complete diversity.").

Fraudulent joinder requires a defendant to "bear a heavy burden." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Specifically, a defendant must establish that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the non-diverse defendant. *Id.* Stated differently, in order for Menards to establish that joinder is fraudulent, it must show that "there exists no reasonable possibility that a state court could rule against the [non-diverse defendant]," in this case, Wayne. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). Thus, the Court must determine whether, based on Indiana state law, there is a reasonable possibility that Sparrow could recover against Wayne.

Under Indiana law, a negligence claim based on a defective product brought against a manufacturer, makes said manufacturer liable if it "places into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer is subject to liability for physical harm caused by that product if the user or consumer is within the class of people that the seller reasonably foresees and the product reaches the user without substantial change in its condition." *Lucas v. Dorsey Corp.*, 609 N.E.2d 1191, 1200 (Ind. Ct. App. 1993); *see e.g.*, *Lantis v. Astec Indus., Inc.*, 648 F.2d 1118, 1120 (7th Cir. 1981) (applying Indiana law); *Vaughn v. Daniels Co., Inc.*, 841 N.E.2d 1133, 1144 (Ind. 2006) ("The [Indiana Products Liability Act] now applies to all negligence claims brought against a 'manufacturer' of a defective product by a 'user' or 'consumer.'"). A product is defective if it is in a condition: "(1) not contemplated by reasonable persons among those considered expected users or consumers of the product; and (2) that will be unreasonably dangerous to the expected user or consumer when used in reasonably expectable ways of handling or consumption." Ind. Code § 34-20-4-1. So, here, if Wayne designed and sold into the stream of commerce a battery containing a defective

package, that was not contemplated by reasonable users and was unreasonably dangerous to Sparrow, and its defective condition was the proximate cause of her physical injuries, then Sparrow can establish a claim against Wayne. *See Kucik v. Yamaha Motor Corp., U.S.A.*, 2010 WL 2694962, at *4 (N.D. Ind. July 2, 2010). Menards argues that Sparrow's sole purpose for adding Wayne as a defendant was to destroy Menards' statutory right to removal and Sparrow's Motion to Remand should therefore be denied. The Court does not agree.

Based on this summary of Indiana law, the Court finds that there is more than a reasonable possibility that Sparrow could prevail against the non-diverse party, Wayne, in state court. The allegations in Sparrow's amended complaint adequately meet each element for a viable products liability claim against Wayne. Sparrow's complaint alleges that: (1) Wayne manufactured, designed, and placed their battery into the stream of commerce (*See* Am. Complaint ¶ 28); (2) the package for the battery was defective because it was in a condition not contemplated by expected users as well as unreasonably dangerous to expected users (*Id.* at ¶ 29); (3) the defective package was unreasonably dangerous to Sparrow and exposed her to risk of physical harm (*Id.* at ¶30); (4) Sparrow was in a class of persons that Wayne should have foreseen as being subject to the harm caused by the defective packaging of the battery (*Id.* at ¶ 31); and (5) the package for the battery reached Menards without substantial alteration in the condition in which it was conveyed. (*Id.* at ¶ 32). *See Schur*, 577 F.3d at 764 (noting that the fraudulent joinder burden is more favorable to the plaintiff than the standard that applies to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)); *Grinston v. Cypress Media, LLC*, 2011 WL 833969, at *2 (S.D. Ill. Feb. 21, 2011) (granting plaintiff's motion to amend his complaint to remand the case to state court after finding that there was more than a "reasonable probability" that plaintiff could prevail against the non-diverse defendant).

Moreover, Sparrow argues that she may not obtain complete relief without joinder of Wayne because its defective packaging on its battery proximately caused her physical injuries. Menards contends Sparrow's relief argument is meritless given the fact that she knew of Menards and Wayne's identities months before filing their original complaint.[3] Sparrow's knowledge of Wayne's existence is not fatal to her Motion to Remand because Sparrow did not have knowledge of the corporate identity of Wayne Water Systems at the time she filed her original complaint.[4] (Dkt. 28 at 2). Thus, Sparrow could not serve a summons and a complaint upon them at the time she filed her original complaint. Menards relies on *Vasilakos*, stating that it has an "important statutory right to remove" a case; however, it has not sufficiently established that Sparrow acted in an improper manner by joining Wayne as a non-diverse defendant. *Vasilakos*, 1993 WL 390283, at *3. Accordingly, in light of Menards failing to meet its "heavy burden" under the fraudulent joinder doctrine, the Court cannot find that Sparrow's attempt to join Wayne was improper; therefore, the Court weighs the "motive factor" in Sparrow's favor.

### 3. The Timeliness of the Request to Amend

"To determine whether a plaintiff has been dilatory in requesting an amendment, district courts in the Seventh Circuit measure the passage of time between the filing of the case or removal and the filing of the motion to amend." *Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d at 1205. While an extensive delay between removal and a motion to amend typically weighs against permitting joinder, as well as a request to remand, under the facts of this case, the timing of Sparrow's amended complaint supports granting her Motion to Remand. *See Schur*, 577 F.3d at 767. Here, Sparrow was not dilatory in her attempt to join Wayne as a defendant. On July

---

[3] Menards attached a letter to its response brief pertaining to Sparrow's medical records, which was sent by Sparrow's attorney to both Wayne and Menards' insurance representatives. (Dkt. 27-1 at 1).

[4] Sparrow expressed further difficulty with obtaining the corporate identity of Wayne Water Systems from counsel for Menards during a telephone conversation held prior to Sparrow's Motion to Remand. (Dkt. 28 at 2).

8

16, 2011, Sparrow filed her amended complaint, adding Wayne as a defendant, within two and a half months following removal. During that time span following removal, Sparrow waited for a response from Menards to discovery requests pertaining to the identity of non-party entities. (Dkt. 28 at 3). Eventually, Sparrow was able to ascertain the corporate identity of Wayne Water Systems. Tellingly, Sparrow's actions suggest that the joinder of Wayne was not initiated for the purpose of destroying jurisdiction. *Compare Grinston*, 2011 WL 833969, at *4 (finding the "timeliness factor" in favor of plaintiff when he filed a motion to amend a non-diverse party less than two months after removal, but immediately after initial disclosures), *with Schur*, 577 F.3d at 767 (stating that joinder of non-diverse parties "immediately after removal but without additional discovery providing a legitimate reason for doing so, …would have suggested that the joinder's only purpose was to destroy jurisdiction"). The Court finds nothing suspicious about Sparrow's amended complaint joining Wayne; thus, the "timeliness factor" strongly favors Sparrow.

**4.     Whether the Plaintiff will be Significantly Injured if Joinder is Not Allowed**

Under this factor, the Court is required to balance the risk that Sparrow will experience significant injury by pursuing multiple lawsuits if the Motion to Remand is not granted with the risk that Menards will be prejudiced if the Motion to Remand is granted. *See Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d at 1206 (citation omitted). In this case, Sparrow argues that pursuing multiple lawsuits would be expensive and present a significant hardship because she would essentially need to litigate the same case twice in two different forums. (Dkt. 26 at 4). Menards has not addressed any type of prejudices it would suffer if Sparrow's Motion to Remand is granted. The Court is persuaded by Sparrow's argument. Pursuing litigation on the same incident in both state and federal courts would be significantly difficult and expensive for Sparrow. *See Grinston*, 2011 WL 833969, at *4 (noting that the pursuit of litigation of the

same incident in two different forums is both expensive and difficult for a plaintiff). Therefore, the Court finds the "significant injury factor" favors Sparrow.

**5.     Other Relevant Equitable Considerations**

The final factor the Court must consider is to review any other general equitable considerations. Courts have recognized that defendants have "a significant interest in proceeding in a federal instead of an out of state forum." *Hart v. Dow Chem. Co.*, 1997 WL 627645, at *6 (N.D. Ill. Sept. 30, 1997). Beyond the factors analyzed above, the parties have not expressed any additional specific equitable considerations. Additionally, since neither Sparrow nor Wayne is a citizen of Indiana there also does not seem to be any home-state favoritism at issue in regards to a state forum if Sparrow's Motion to Remand is granted.

## IV. <u>CONCLUSION</u>

After balancing the equities, the Court finds that all factors considered by the Court weigh in favor of Sparrow. For the reasons stated above, Sparrow's Motion to Remand (Dkt. 26) is **GRANTED.** Accordingly, this case is **REMANDED** to the Wayne County Superior Court in Richmond, Indiana.

SO ORDERED.

Dated: 10/12/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher M. Barry
CRAIG KELLEY & FAULTLESS
cbarry@ckflaw.com

David W. Craig
CRAIG KELLEY & FAULTLESS
dcraig@ckflaw.com

Scott Anthony Faultless
CRAIG KELLEY & FAULTLESS
sfaultless@ckflaw.com

Justin Curtis Greene
BARNES & THORNBURG LLP
curtis.greene@btlaw.com

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net

Meredith Thornburgh White
BARNES & THORNBURG LLP
mwhite@btlaw.com